IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PRIBILA,<br>　　　　Plaintiff, | : <br> : <br> : | Civil Action No. |
| v. | : <br> : | JURY TRIAL DEMANDED |
| LIFE INSURANCE COMPANY<br>OF NORTH AMERICA, individually<br>and d/b/a CIGNA HEALTHCARE<br>BENEFITS, INC.,<br>　　　　Defendant. | : <br> : <br> : <br> : <br> : | |

## COMPLAINT

### NATURE OF ACTION

1. This is an action raising disability discrimination under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state-law PHRA claims because they arise from the same events as Plaintiff's federal claims.

4. This Court is a proper venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in this district for venue purposes and a substantial part of the events giving rise to this cause of action occurred in this district.

## PROCEDURAL PREREQUISITES

5. Plaintiff dual-filed a Charge of Discrimination, No. 530-2020-05113, with the United States Equal Opportunity Employment Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on July 29, 2020.

6. On May 6, 2021, the EEOC issued Plaintiff a Notice of Rights to Sue letter; this action is filed within ninety (90) days of that Notice.

## FACTS

7. Plaintiff is Jason Pribila ("Pribila"), an adult male residing at 723 Spring Street Bethlehem, Pennsylvania 18018.

8. Defendant is Life Insurance Company of North America, a Pennsylvania corporation with a principal business address of 1600 Arch Street, Philadelphia, PA 19103.

9. Defendant Life Insurance Company of North America is wholly owned by Cigna Healthcare Benefits, Inc., a Delaware corporation with a principal business address of 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

10. Defendant conducts business and represents itself as Cigna.

11. Plaintiff was employed at Cigna's Bethlehem, Pennsylvania office located at 1455 Valley Center Parkway, Bethlehem, Pennsylvania, 18017. This office has a Cigna sign above the entrance.

12. Life Insurance Company of North American is a joint employer with Cigna (collectively, "Cigna"), in that both entities had the authority to hire, fire, and discipline Plaintiff Pribila, had control over Plaintiff's pay and insurance, and supervise Plaintiff.

13. Plaintiff Pribila was hired by Defendant Cigna in 2012 as an Electronic Interface Specialist and worked in that capacity until his termination on February 5, 2020.

14. Starting in 2018, Plaintiff Pribila was permitted to work from home full time. This offer was only extended to employees in good standing with the company.

15. In December 2017, Plaintiff Pribila notified his manager, Ana Brownell, that his doctor was recommending he undergo weight loss surgery.

16. Ms. Brownell was supportive of Plaintiff's decision to undergo the surgery and discussed plans with Plaintiff to ensure his cases were covered while he was recovering.

17. In May 2018, Plaintiff Pribila underwent gastric sleeve surgery.

18. Between May and June 2018, Plaintiff Pribila was on short term disability as his recovered from his surgery.

19. When he returned to work, Plaintiff Pribila remained forthcoming with Ms. Brownell on his recovery.

20. In February 2019, Plaintiff notified Ms. Brownell that he was experiencing anxiety and loneliness working from home and was having difficulty sleeping at night.

21. Plaintiff asked Ms. Brownell for information on the Employee Assistance Program ("EAP"), which Ms. Brownell provided him.

22. Ms. Brownell recognized the changes to Plaintiff's appearance was affecting him mentally. She further discussed with Plaintiff Pribila sleep solutions and the option to work in the office more often.

23. On or about July 10, 2019, Ms. Brownell suspected that Plaintiff Pribila was under the influence of alcohol while working from home.

24. Plaintiff Pribila acknowledged that he drank alcohol the night before and had been doing so to cope with his inability to sleep.

25. Plaintiff's weight loss surgery also affected his body's ability to process alcohol.

26.  On or about July 12, 2019, Defendant Cigna provided Plaintiff Pribila a written warning for violating the company's Alcohol Policy.

27.  At this time, Plaintiff Pribila was also placed on a Performance Improvement Plan.

28.  As part of the warning, Defendant Cigna acknowledged that alcohol dependency was impacting Plaintiff Pribila and required him to attend EAP sessions for his alcohol dependency.

29.  From July 2019 to October 2019, Plaintiff Pribila completed eighteen (18) intensive out-patient therapy sessions.

30.  Plaintiff Pribila also stopped drinking alcohol.

31.  Plaintiff Pribila completed the required treatment in October 2019.

32.  Upon successful completion, Defendant removed Plaintiff Pribila from the Performance Improvement Plan in December 2019.

33.  In mid-January 2020, Plaintiff told Respondent he was going to continue to attend outpatient therapy sessions for treatment for alcohol, even though it was no longer required.

34.  At the same time Plaintiff advised Defendant that he was going to see a psychiatrist for anxiety and depression issues.

35.  On February 5, 2020, Defendant Cigna terminated Plaintiff's employment advising Plaintiff it was due to job performance issues.

36.  Defendant's basis for Plaintiff's termination was pretextual.

37.  Defendant Cigna terminated Plaintiff Pribila's employment because it perceived Plaintiff as having a disability for alcoholism.

38. Defendant Cigna terminated Plaintiff Pribila's employment because he was undergoing treatment for alcoholism, anxiety, and depression.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA AND PHRA

39. Plaintiff Pribila incorporates by reference paragraphs 1 through 38 of this Complaint as if set forth fully here.

40. Plaintiff's alcoholism is a disability under the ADA and PHRA.

41. Plaintiff's anxiety and depression are disabilities under the ADA and PHRA as they affected major life activities, including thinking and caring for one's self.

42. Plaintiff was qualified for his position as an Electronic Interface Specialist for Defendant Cigna as he had worked in that capacity since 2012.

43. Plaintiff Pribila was able to perform the essential functions of his job with or without an accommodation for his disabilities.

44. Plaintiff Pribila was able to perform the essential functions of his job while enrolled in treatment for his alcoholism, anxiety, and depression.

45. Defendant Cigna was aware of Plaintiff's alcoholism and treatment as it required Plaintiff to attend intensive outpatient therapy.

46. Plaintiff Pribila told Defendant Cigna he was going to see a psychiatrist for his anxiety and depression.

47. Plaintiff suffered an adverse employment action on February 5, 2020 when Defendant fired him, despite knowing he was in treatment for alcoholism, anxiety, and depression.

48. As its basis for termination, Defendant Cigna alleged Plaintiff's job performance was poor.

49. Defendant Cigna's basis for termination was pretextual as Defendant removed Plaintiff from a Performance Improvement Plan one month earlier.

50. Defendant discriminated against Plaintiff because he had disabilities under the ADA and PHRA and was seeking treatment for those disabilities.

51. Plaintiff Pribila suffered damages as a result of his termination.

WHEREFORE, Plaintiff Pribila requests that judgment be entered in his favor and against Defendant Cigna and that he receive an award of back pay, front pay, punitive damages, compensatory damages, attorney's fees, and any other relief this Honorable Court deems proper.

## COUNT II
## DISCRIMINATION FOR THE PERCEPTION OF A DISABILTY UNDER THE ADA AND PHRA

52. Plaintiff Pribila incorporates by reference paragraphs 1 through 51 of this Complaint as if set forth fully here.

53. Alternatively, Defendant Cigna regarded Plaintiff Pribila as having a disability when it required Plaintiff to undergo intensive therapy for his alcoholism.

54. Defendant Cigna was aware that Plaintiff Pribila's alcohol dependency was affecting major life activities when it required him to undergo treatment.

55. Defendant Cigna was aware that Plaintiff Pribila was continuing to participate in treatment for alcoholism, as well as anxiety and depression, even when he was no longer required by Defendant.

56. Plaintiff Pribila was able to perform the essential functions of his job while in treatment for alcoholism, anxiety, and depression.

57. Defendant Cigna terminated Plaintiff Pribila while he was still undergoing treatment for alcoholism because it perceived that he was disabled and believed his condition

impacted major life activities even though Plaintiff was fully able to perform the essential function of his job.

58. Defendant Cigna's reason for terminating Plaintiff for job performance issues was pretextual as Plaintiff had satisfactorily completed a performance improvement plan a month earlier.

59. Defendant Cigna terminated Plaintiff Pribila because it perceived him as having a disability for alcoholism.

WHEREFORE, Plaintiff Pribila requests that judgment be entered in his favor and against Defendant Cigna and that he receive an award of back pay, front pay, punitive damages, compensatory damages, attorney's fees, and any other relief this Honorable Court deems proper.

## JURY TRIAL DEMAND

60. Plaintiff Pribila demands a trial by jury on all claims and issues so triable.

Dated: August 3, 2021

BROUGHAL & DeVITO, L.L.P.

By: _____
**JOHN S. HARRISON, ESQUIRE**
Attorney I.D. No. 53864
**ERIKA A. FARKAS, ESQUIRE**
Attorney I.D. No. 313686
38 West Market Street
Bethlehem, PA 18018
Telephone No.: (610) 865-3664
Facsimile No.: (610) 865-0969
*Attorneys for Plaintiff*